UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                    Case No. 3:18-cr-24

        Plaintiff,

v.                                                   MEMORANDUM OPINION
                                                             AND ORDER

Trentant Dotson,

        Defendant.

### I. INTRODUCTION AND BACKGROUND

*Pro se* defendant Trentant Dotson, an inmate at FCI Terre Haute in Terre Haute, Indiana, seeks an order granting him compassionate release under 18 U.S.C. § 3582(c)(1)(A) by modifying his sentence and placing him on home confinement for the remainder of his prison term. (Doc. Nos. 37 and 39). The government opposes Dotson's motion, arguing he has not met his burden of establishing he is entitled to a reduction of his sentence. (Doc. No. 38).

On January 10, 2018, Dotson was indicted on one count of illegally possessing a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1). Dotson pled guilty and I subsequently sentenced Dotson to 50 months in prison, to be followed by a supervised release term of 3 years. (Doc. No. 31). He did not appeal.

Dotson previously filed a motion for compassionate release in June 2020. (Doc. No. 33). I denied that motion without prejudice because Dotson did comply with the exhaustion requirement

set forth in § 3582(c)(1)(A) before filing his motion. (Doc. No. 36). Dotson then re-filed his motion. (Doc. No. 37).

He also has filed a supplement to his motion, indicating he tested positive for Covid-19 in November 2020 and requesting that his sentence be modified so that he may be placed on home confinement beginning on February 11, 2021, when, he asserts, he is scheduled to be transferred to a halfway house. (Doc. No. 39).

## II.   ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

Dotson has complied with § 3582's exhaustion requirement, as more than 30 days have passed since he submitted his compassionate release request to the warden's office at FCI Terre Haute. (Doc. No. 37-2).

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also must consider all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts

2

may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

Defendants seeking to establish they are entitled to compassionate release have the burden of demonstrating "extraordinary and compelling reasons" justify a sentence reduction. 18 U.S.C. § 3582(c)(1). Dotson initially asserted he was seeking compassionate release due to "fear [for his] safety and health due to the Covid-19 virus spreading at a high rate." (Doc. No. 37 at 1). He subsequently contracted Covid-19, (Doc. No. 39-1), but does not describe the severity of any symptoms he may have displayed. While I have no reason to doubt Dotson's concern for his health, a fear of Covid-19 which is common to all inmates does not meet the high bar necessary to establish an extraordinary and compelling reason to modify Dotson's sentence. *See, e.g., United States v. Ramadan*, No. 20-1450, 2020 WL 5758015, at *2 (6th Cir. Sept. 22, 2020).

### III.  CONCLUSION

For the reasons stated above, I conclude Dotson has not met his burden of demonstrating that a reduction or modification of his sentence would be consistent with applicable federal law. Therefore, I deny his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 37).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
